CABLE
vs.
COE ET AL.

CABLE vs. COE ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH

PRESIDING.

A donation *propter nuptias*, made by the husband in the marriage contract, on
the eve of the celebration of the nuptials, does not have the effect of a mort-
gage on the husband's property against third persons, unless the state of the
husband's affairs at the time of the donation, authorized it.

This is an hypothecary action instituted by Mrs. Cable, to
enforce her legal mortgage for the restoration of her dotal
and paraphernal property, against a house and lot in the town
of Natchitoches, in the possession, and claimed by Aaron
Coe; and against a negro man in the possession of Samuel
Davenport's heirs; also, a negro man in the possession of L.
S. Hazleton, and a negro man in the possession of P. Bossier,
all of which property was alienated by her husband since their
marriage.

The plaintiff obtained a judgement for the sum of eighteen
thousand dollars against her husband, and a separation of
property. Not finding property sufficient to satisfy this judge-
ment, she is now pursuing the third possessors of property
sold by her husband during marriage.

Aaron Coe was the partner of Cable, the husband, and half
owner of the house and lot.    He also averred, that Cable
owed Bullit, from whom the house was first purchased, one
thousand one hundred dollars, for which the house was mort-
gaged, and which he had paid and was subrogated to Bullitt's
rights against Cable.    He also denied the plaintiff's right
under her mortgage, and that her judgement was obtained
through fraud and collusion; he prayed that she be required
to discuss several slaves sold to Davenport, Hazleton, and
Bossier, before coming on him.

Davenport's heirs aver, that the slave sold to their ancestor was not in their possession at the time of the service of the citation in this suit, but that he was sold to another, and they were not liable. Hazleton having died, the suit as relates to him, was sent to the Probate Court.

Bossier alleged fraud and collusion between the husband and wife, and averred, that any property sold by her husband previous to the alienation of her paraphernal effects, is not liable to her mortgage; and that he purchased the slave from Cable & Coe, who were partners in trade, the former only owning one-half of the title to said slave.

The plaintiff claims a legal mortgage for the restitution of her *dot*, amounting to two thousand dollars, as settled in the marriage contract, dating from the 17th day of August, 1818; and for five thousand five hundred and twenty-eight dollars, the amount of her paraphernal estate, dating from the 7th of August, 1819, as set out in the following receipt:

"I, Jared Cable, and Caroline Cable, acknowledge to have received of Josiah S. Johnston, a note of the corporation of the city of New-Orleans, for five thousand five hundred and twenty-eight dollars, in favor of Jared Cable and for his wife's portion of the money due from the city by act of compromise of the 7th of August, 1819," &c. Dated "Natchitoches, December 17th, 1820."

The district judge decided that no mortgage attached either under our code, or the Spanish law, to a donation *propter nuptias*, such as the plaintiff claims for the two thousand dollars stipulated in the marriage contract. There was judgement for Coe, with costs; against Bossier for half the price of the slave he had purchased; and against Davenport's heirs for the price of the slave purchased by their ancestor; all in virtue of the plaintiff's legal mortgage resulting from the receipt of her paraphernal effects by her husband.

*Rost*, of counsel for the plaintiff, moved for a rehearing, on the following grounds:

1. The court erred in decreeing the property last sold, to be first discussed by the plaintiff under her legal mortgage against her husband.

2. That however the law might stand before the adoption of the Code of Practice, it is provided in that work, under the title of *Hypothecary Actions, art.* 72, that the mortgage creditor shall in no case be bound to discuss property out of the possession of the original debtor before seizing that in the hands of the third possessor.

3. The court, by overlooking this provision of law, have worked an irreparable injury to the plaintiff.

And now, at October term, 1832, these causes coming on for final hearing, were argued by

*Rost*, for plaintiff. *Boyce*, for defendants.

MARTIN, J., delivered the opinion of the court.

The plaintiff is appellant of a judgement by which she was denied the right of having a judgement against her husband for the restitution of her *dot* and paraphernal estate satisfied by the sale of a house and lot sold by him to the defendant.

We thought that she had a tacit mortgage for what she calls her *dot*, but which is nothing but a donation *propter nuptias*, but that she was bound to discuss property disposed of by her husband before the sale to Coe.

Upon a rehearing, and after an examination of this point in New-Orleans, where we had access to numerous authorities, it has not appeared to us perfectly clear. But there cannot be any doubt that according to the decision in the case of *Mercier* vs. *Andrews,* 2 *Lou. Rep.* 538, such a donation cannot have effect against third persons unless the state of the husband's affairs, at the time of the donation, authorized it; and that the burthen of proof is on the wife. No evidence on this head appears in the record in this case, and the pretensions of the plaintiff on this score cannot be sustained.

*A donation propter nuptias made by the husband in the marriage contract on the eve of the celebration of the nuptials, does not have the effect of a mortgage on the husband's property against third persons, unless the state of the husband's affairs at the time of the donation authorized it.*

The sale of the house and lot took place in 1818, and it does not appear that any part of the paraphernal estate had come to the husband's hands at that time.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.